HARRY SOLOF, RESPONDENT, v. ARCADY FARMS MILLING COMPANY, APPELLANT.

Submitted January term, 1928—Decided July 7, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the appellant, *Walter H. Bacon, Jr.*

For the respondent, *Frank Kotok.*

PER CURIAM.

A judgment was rendered for the plaintiff in this case in the Common Pleas Court of Cumberland county and defendant appeals, assigning three grounds for reversal.

The action was to recover damages for breach of a contract to deliver one hundred tons of cracked corn. The contract called for delivery during the months of January, February and March of 1924, and during these months forty-seven tons were delivered. There was evidence, however, that the contract was extended without definite date. On July 1st, 1924, the plaintiff ordered the remaining fifty-three tons shipped, and this the defendant refused to do, claiming that the contract was at an end, and this was the issue tried.

One of the grounds of appeal is that the court erred in refusing to grant defendant's motion for direction of a verdict in its favor. Under the evidence this could not have

been done. By defendant's letter of June 25th, 1924, the plaintiff was expressly directed to take up with a Mr. Hunsicker, its manager in Philadelphia, "the matter of cleaning up the contract either by complete instructions or cancellation," and the proofs were otherwise quite conclusive that Hunsicker was clothed with complete authority concerning contracts of the character and in the district here involved, and when the plaintiff testified that the contract was extended by Hunsicker this raised an issue of fact which could not be withheld from the jury.

The remaining grounds that a letter written in October of 1924 was irrelevant in that it was not proved that it referred to the contract in question, and that Hunsicker's conversation with the plaintiff was incompetent, are not well founded. The letter referred to plaintiff's corn contract and the plaintiff testified that the present was the only contract involved; besides, the letter itself bears internal evidence of the truth of this statement. What we have said concerning Hunsicker's authority disposes of the last ground.

The judgment is affirmed.